IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Perry Drake Gilmore, | ) | C/A No. 5:10-2663-CMC-KDW |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Ronaldo D. Myers; Curtis Bufford, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, Perry Drake Gilmore ("Plaintiff" or "Gilmore"), a state prisoner, filed this *pro se* action pursuant to 42 U.S.C. § 1983 alleging Defendants violated his constitutional rights. Before the court are the following: (1) Defendants' Motion for Summary Judgment, and (2) Plaintiff's Motion to Amend Complaint.[1] ECF Nos. 32, 46. This case was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., for a Report and Recommendation on these motions.

I.      Procedural and Factual Background

Plaintiff brought this action seeking damages for alleged violations that occurred while he was detained at the Alvin S. Glenn Detention Center ("ASGDC").[2] ECF No. 1. On May 4, 2011, Defendants filed a Motion for Summary Judgment. ECF No. 32. In accordance with *Roseboro v. Garrison,* 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Defendants' motion. ECF No. 33. Plaintiff filed a response in opposition to Defendants' motion on July 28, 2011, to which Defendants filed a reply. ECF Nos. 41, 42.

---

[1] Plaintiff filed a Motion to Amend Complaint on December 21, 2011. ECF No. 46. Defendants filed a response in opposition to Plaintiff's motion (ECF No. 52) and Plaintiff filed a Reply to the response in opposition. ECF No. 56.

[2] Plaintiff is currently incarcerated within the South Carolina Department of Corrections.

Plaintiff complains of constitutional violations and other deprivations against Defendants, including excessive force, violation of religious expression, and medical neglect. Specifically, Plaintiff complains as follows: (1) on July 25, 2009, between 8:00pm and 10:00pm he was placed in 4-point mechanical restraints as a disciplinary measure on order of Captain Curtis Bufford, and while in the restraint chair, Officer Riley struck him in the face deliberately with his hand; (2) he was in the restraints for an excessive amount of time; (3) from July 26, 2009 through July 29, 2009, Captain Bufford and Captain Higgins ordered his Kosher diet stopped as a disciplinary measure; (4) on January 13, 2010, Detention Officer Bridgett pushed fully restrained Plaintiff onto and half way over a second floor railing; (5) on July 26, 2009, Officers Riley, Freeman, and Smith entered Plaintiff's cell and assaulted him with punches to the back of his head and face, and Officer Freeman choked him; (6) on May 7, 2010, Officer Macpherson discriminated against Plaintiff by refusing to give him juice but giving juice to all other inmates; (7) Officer Macpherson defamed Plaintiff; (8) on July 19, 2010 Captain Bufford and Captain Higgins deprived Plaintiff of various personal items as discipline, although Plaintiff was the only inmate being disciplined in this manner; (9) from June 19, 2010 to August 20, 2010, Captain Bufford ordered officers to search Plaintiff's cell twice daily as a form of harassment; (10) after numerous requests for Kosher diet were unanswered Plaintiff stopped eating, and this refusal to provide Kosher nutrition constituted religious discrimination, cruel and unusual punishment, medical negligence, harassment, and pain and suffering; (11) Plaintiff stopped eating for 10 days beginning February 13, 2010 because of poor food preparation, but the medical department did not place Plaintiff on intravenous nutrition treatment; (12) on February 26, 2010, Officer Hughes threw her keys at Plaintiff striking him in the face and mouth, bruising his right cheek and

permanently chipping his right front tooth; and (13) on January 19, 2010, Sgt. Lapitt [sic] entered his cell and assaulted him.

Plaintiff requests the court relieve him of all charges brought against him by ASGDC, discharge all debts with ASGDC, and improve conditions at ASGDC. He also seeks damages in the amount of $10,000. ECF No. 1.

II.     Standard of Review

A federal court must liberally construe pleadings filed by *pro se* litigants, to allow them to fully develop potentially meritorious cases. *See Cruz v. Beto*, 405 U.S. 319 (1972); *see also Haines v. Kerner*, 404 U.S. 519 (1972). In considering a motion for summary judgment, the court's function is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). Nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c). The movant has the burden of proving that a judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial." The opposing party may not rest on the mere assertions contained in the pleadings. Fed. R. Civ. P. 56(e); *see also Celotex v. Catrett*, 477 U.S. 317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial. *See* Fed. R. Civ. P. 56(c).

When the movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material fact." In the *Celotex* case, the court held that defendants were "entitled to judgment as a matter of law" under Rule 56(c) because the plaintiff failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof. *Celotex*, 477 U.S. at 322-23.

III.    Analysis

    A.    Defendants' Motion for Summary Judgment

Defendants contend that they are entitled to summary judgment on Plaintiff's claims because he has not exhausted his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), specifically 42 U.S.C. § 1997e(a). ECF No. 32-1 at 2-3. Section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). To satisfy this requirement, a plaintiff must avail himself of all available administrative review. *See Booth v. Churner*, 532 U.S. 731 (2001). Those remedies "'need not meet federal standards, nor must they be "plain, speedy, and effective."'" *Porter*, 534 U.S. at 524 (quoting *Booth*, 532 U.S. at 739). Further, pretrial detainees, which Plaintiff was at all times relevant to these claims, are required to exhaustion of administrative remedies. *See* 42 U.S.C.A. 1997e(h) (defining "prisoner" for PLRA purposes as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced

for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."); *see also Rutland v. Dewitt*, C/A No. 8:09-13-SB, 2010 WL 288217, *5 & n.1 (D.S.C. Jan. 25, 2010) (applying PLRA to pretrial detainee).

Satisfaction of the exhaustion requirement requires "using all steps that the agency holds out, and doing so *properly*." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002) (emphasis in original)). Thus, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007). Defendants have the burden of establishing that a plaintiff failed to exhaust his administrative remedies. *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 683 (4th Cir. 2005).

The purpose of the exhaustion requirement is twofold. First, it gives an administrative agency "an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court[.]" *Woodford*, 548 U.S. at 89 (quoting *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992)). Second, "[c]laims generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court." *Id.* Any consideration of administrative remedies pursued after the commencement of the litigation would only serve to frustrate both purposes of the PLRA's exhaustion requirement.

As explained by Assistant Director of ASGDC Kathryn Harrell, the ASGDC has a grievance system in place that allows inmates to file written complaints about prison conditions. *See* Harrell Aff., ECF 32-2 at 2. Inmates may appeal the staff response to the Assistant Director or her designee. *Id.* As Assistant Director Harrell explains, an inmate must appeal the staff's response to a grievance in order to exhaust administrative remedies. *Id.*

5

Assistant Director Harrell reviewed Plaintiff's administrative record, which includes records of his grievances, and she reviewed his allegations in his Complaint in this action. *Id.* at 1-2. She attests the following: "I have not received any appeals, from any properly filed grievance, from the Plaintiff relating to the specific allegations in his complaint, and therefore the Plaintiff has not exhausted the detention center's inmate grievance policy." ECF No. 32-2 at 2.

The undersigned has reviewed Plaintiff's inmate record that includes grievances he filed while housed at ASGDC and finds that he has not exhausted his administrative remedies. *See* ECF No. 32-7. From March 2009 through December 2010, Plaintiff filed 42 total claims. *Id.* Plaintiff filed 30 grievances between March 20, 2009 and September 9, 2010. *Id.* Between April 26, 2009 and December 13, 2010, Plaintiff filed ten other miscellaneous types of requests. *Id.*

Only a few of the grievances Plaintiff filed (but did not appeal, thereby failing to exhaust his available administrative remedies), arguably relate to the incidents about which he complains in his Complaint. For example, he alleges several incidents of use of excessive force: (1) a July 25, 2009 incident in which Officer Riley allegedly struck him in the face while he was in mechanical restraints; (2) a January 13, 2010 incident of being pushed half-way over a railing while fully restrained; (3) a July 26, 2009 incident in which Officers Riley, Freeman, and Smith assaulted him in his cell; (4) a January 19, 2010 incident in which Sgt. Lippett entered his cell and physically assaulted him. ECF No. 1 at 5, 7. Of these excessive-force allegations, only one is the subject of a grievance filed by Plaintiff. *See* ECF No. 32-7 at 34 (Jan. 19, 2010, alleging Sgt. Lippett struck him on the back of the head). The grievance response indicates that Sgt. Lippett denied the incident took place and that the grievance would be forwarded to Professional Standards. *Id.* No appeal of that grievance is in Plaintiff's record.

Further, Plaintiff claims he was discriminated against on the basis of race and religion because he never received responses to his requests that he be placed on a Kosher diet. ECF No. 1 at 6. Although Plaintiff filed several food-related grievances in March and April 2009, none of those requests sought a Kosher diet. *See* ECF No. 32-7 at 4-11. Plaintiff also claims that on May 7, 2010, Officer MacPherson discriminated against him as a "white Jew" by refusing to provide him juice with his meal. ECF No. 1 at 4. Plaintiff did not file a grievance regarding the juice on or around May 7, 2010, although he filed other grievances in the same time period alleging he was not provided milk. *See* ECF No. 32-7 at 50-51.

Plaintiff also alleges that Officer MacPherson deprived him of religious materials. ECF No. 1 at 4. Plaintiff filed a grievance on May 22, 2010, claiming his religious material had been confiscated. ECF No. 32-7 at 52. Lt. Jackson investigated that grievance, and responded to Plaintiff on June 4, 2010, informing him that his "other religious material" was "not lost, stolen, or missing," but had been placed in the storage closet because he had excessive amounts. *Id.* Plaintiff did not appeal that grievance pursuant to ASGDC policy.

With the exception of the May 22, 2010 grievance regarding treatment of his religious materials, the grievances Plaintiff filed did not relate to matters in his Complaint. Even assuming, *arguendo*, that these grievances were related, he did not exhaust administrative remedies because he did not pursue appeals of these grievances.

Of the 42 grievances Plaintiff filed, his record includes appeals of only two of them: he appealed disciplinary action on August 25, 2009[3] and February 10, 2010. ECF No. 32-7 at 27, 43. The August 25, 2009 appeal relates to an August 24, 2009 charge against Plaintiff regarding

---

[3] On the August 25, 2009 Inmate Request Form, Plaintiff did not identify his request as an appeal, but he wrote in the narrative that he wanted to "appeal these findings." ECF No. 32-7 at 27.

7

an incident concerning knocking down a shower curtain. ECF No. 32-7 at 27. His February 10, 2010 appeal concerned his "last write-up," which he describes as a claim that he indecently exposed himself to "Ms. Hall." ECF No. 32-7 at 43. Assistant Director Harrell indicated she had reviewed Plaintiff's record and that she had not "received any appeals, from any properly filed grievance, from the Plaintiff relating to the specific allegations in his Complaint[.]." ECF No. 32-2 at 2. The court agrees. The two appeals in Plaintiff's grievance file do not relate to matters he alleges here.

Plaintiff argues that he "did exhaust the administrative remedies in each and every incident" included in his claims. ECF No. 41 at 1. He disputes Defendants' argument that he did not grieve and appeal the incidents detailed in his Complaint by alleging that it was "common practice for correctional institution staff to 'throw away' grievances and appeals of grievances" and use failure to exhaust remedies as a defense. *Id.* Plaintiff also alleges that the staff at ASGDC conspired to process some grievance and appeal forms but not others to prevent Plaintiff from showing that he exhausted the administrative remedies. *Id.* Plaintiff has failed to allege any specific grievance that was "throw[n] away" or any specific incidence in which he was denied a grievance or appeal form. Plaintiff's vague and general allegations regarding the grievance process are insufficient to overcome the undisputed evidence that Plaintiff has failed to exhaust his administrative remedies on all of his claims.

The only evidence of record shows that Plaintiff has not fully and properly exhausted his administrative remedies regarding his claims. Not only must Plaintiff use all the steps that are available to him to exhaust his administrative remedies, he must also do them properly. *See Woodford*, 548 U.S. at 81. Plaintiff has not adequately refuted Defendants evidence that he did not properly exhaust all the steps available to him at ASGDC with regard to any of his claims.

*See* ECF No. 32-7; *see also Jones*, 549 U.S. at 217-18 (noting exhaustion requirement was not satisfied when prisoners missed deadlines set by grievance policy). Although Plaintiff generally contends that he grieved the issues raised in his Complaint, but that they were not processed properly, he has not provided any copies of grievances or grievance appeals or any other evidence to support his argument. Further, Plaintiff has not provided any evidence remotely suggesting that Defendants prevented him from filing and appealing grievances. *Cf. Hill v. Haynes*, No. 08-7244, 2010 WL 2182477 (4th Cir. June 2, 2010) (unpublished). Rather, the record contains numerous grievances.

As discussed above, the court has carefully reviewed the copies submitted by Defendants of the numerous grievances Plaintiff filed and finds he did not grieve **and** appeal any of the claims raised in his Complaint. Rather, the only evidence of record shows that he did not properly file grievances pertaining to these allegations and did not avail himself of the administrative remedies offered by ASGDC. Therefore, the court recommends summary judgment for both Defendants on all claims. Based on this recommendation, Defendants' remaining arguments are not discussed herein.[4]

    B.    Plaintiff's Motion to Amend Complaint

On December 21, 2011, Plaintiff filed a motion to amend his Complaint to add various claims. *See* ECF Nos. 46, 46-1. Plaintiff's motion comes nearly one year after the discovery deadline (February 18, 2011) and over seven months after Defendants filed for summary judgment (May 4, 2011).

---

[4] *Cf. Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995) (holding court should not "stray into other considerations" after determining habeas claim is procedurally barred); *see Karsten v. Kaiser Found. Health Plan*, 36 F.3d 8, 11 (4th Cir.1993) (finding alternative holdings should be avoided).

9

"[L]eave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "A motion to amend should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *HCMF Corp. v. Allen*, 238 F.3d 273, 276 (4th Cir. 2001) (emphasis omitted). Here, Plaintiff has offered no reason for his delay, and to permit additional allegations to be discovered and litigated at this point arguably would unduly prejudice Defendants. In addition, based upon the above recommendation, Plaintiff's amendments would be futile. *See Sciolino v. Newport News, Va.*, 480 F.3d 642, 651 (4th Cir.2007) (holding denial of leave to amend complaint appropriate when proposed claim is futile). Accordingly, the undersigned recommends that Plaintiff's motion to amend his Complaint be denied.

IV.   Conclusion

Having carefully considered the parties' submissions and the applicable law, the undersigned recommends that Defendants' Motion for Summary Judgment, [ECF No. 32], be GRANTED; Plaintiff's Motion to Amend Complaint, [ECF No. 46], be DENIED; and the complaint be DISMISSED with prejudice.

IT IS SO RECOMMENDED.

February 2, 2012                                           Kaymani D. West
Florence, South Carolina                              United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**